[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION OF MAY 2, 1995
This case is set for trial on June 14, 1995. In this matter the court granted summary judgments on behalf of several defendants, including the Levesques. The date of that decision was August 16, 1994. The Levesques argued a motion for summary judgment on their two count counterclaim which the court denied on February 6, 1995. Now barely a month before commencement of trial, the Levesques have filed a: "Motion for Ruling By the Court To Comport With the court'sFindings in its Memorandum of Decision on August 12, 1994; Andfor Order to Correct/Rescind the Unilateral Filing by thePlaintiff of a Document Found to Have Been Unauthorized."
That is the title, a brief followed.
The grounds raised in this motion were not specifically' raised in the Levesque motion for summary judgment on their counterclaim and only is viable because the first paragraph of the prayer for relief has been withdrawn.
The Levesques claim the court has equity power to grant relief pursuant to this motion. However, the court must be guided by the rules of practice and summary judgment procedure applies to all but a limited number of actions (PB § 379) and could have been resorted to here. This present motion is really nothing more than a summary judgment on a purported question of law. The Levesques already filed a motion for summary judgment on the counterclaim and did not prevail. I CT Page 6616 know of no procedure which in effect allows them to make a new claim on a question of law they could have raised in the first motion for summary judgment. To allow such a practice would unduly burden the parties where trial is imminent. A motion for summary judgment cannot be heard without special permission of the court if a case is assigned for trial. No matter how this present motion is categorized or labeled, considering the relief sought the same rule should apply here and no permission was sought to have a hearing on this motion given the imminence of the trial date.
Furthermore, if my opinion of August 12, 1994 is read closely, although I granted the Levesque motion for summary judgment on the claim against the Levesques, the opinion must be read in the context of the claims made in the plaintiff's case. I did say that the Levesques had a right to put an affidavit on the land records to counter the corrected declaration put on the records by the plaintiff without the knowledge or permission of the Levesques. I held that by so doing, the Levesques were protecting rights they claimed in their negotiations with the plaintiff. The plaintiff never filed any affidavit claiming the assertions in the Levesque affidavit were false. I decided under these circumstances a broad based conspiracy action would not be against the Levesques. This is a different issue than the question of whether the Levesques are entitled to the affirmative relief requested in their counterclaim.
The motion is denied.
Corradino, J.